# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER SHULER, | : | NO. 4:25-CV-00634 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Heather Shuler's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural History

On November 9, 2022, Shuler applied for disability benefits under Title II of the Social Security Act, alleging disability as of October 1, 2022. Transcript, doc. 12-2 at 18. Following denials initially and upon reconsideration, Shuler submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). *Id.* The ALJ conducted the hearing and determined that Shuler is not disabled. *Id.* at 18-19.

Shuler filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Shuler's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 17, 18, 19) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 8.

## B. The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that she has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, the claimant must establish that she suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that her impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates her impairments meet those listings, she is considered to be disabled. *See id.*; § 404.1520(d). If she cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, a claimant's

"impairment(s) must prevent her from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and her "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

## C.   The ALJ's Decision

Here, the ALJ determined that Shuler "has not been under a disability, as defined in the Social Security Act, from October 1, 2022, through the date of this decision" on November 26, 2024. Doc. 12-2 at 31. The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* doc. 12-2 at 18-32.

At step one, the ALJ determined that Shuler "has not engaged in substantial gainful activity since October 1, 2022, the alleged onset date." Doc. 12-2 at 20. At step two, the ALJ found that Shuler has the following severe impairments: migraines, idiopathic intracranial hypertension, morbid obesity, chronic fatigue syndrome, depression, personality disorder, and post-traumatic stress disorder. *Id.* At step three, the ALJ

determined that Shuler "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 21.

Between steps three and four, the ALJ found that Shuler has the following RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can never climb ladders, ropes or scaffolds. She can never tolerate exposure to unprotected heights, and she can never operate hazardous machinery. The claimant can understand, remember or carry out simple instructions. The claimant can deal with occasional changes in a routine work setting. The claimant can perform tasks within a schedule and at a consistent pace. She can make judgments on simple, work-related decisions. The claimant can occasionally interact with the public, coworkers and supervisors in a routine work setting.

*Id.* at 24.

At step four, the ALJ determined that Shuler was unable to perform any past relevant work. *Id.* at 30. At the fifth and final step, the ALJ denied Shuler's disability claims because, after considering her "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 31.

### D.   Issues on Appeal

Shuler raises two issues on appeal: (1) the ALJ erred in determining a physical RFC while rejecting the only expert medical opinion on physical impairments in the record; and (2) the ALJ failed to incorporate various psychological limitations in her RFC without explanation, despite finding the reviewing psychological opinions persuasive. Pl.'s Br., doc. 17 at 1. Because the ALJ's opinion was supported by substantial evidence in both respects, the Court will affirm.

## II.   LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a

large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the

ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Shuler is disabled, but whether the Commissioner's finding that Shuler is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for

his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   DISCUSSION

After careful review of the Plaintiff's asserted errors and the record, the Court, adhering to the deferential standard of review outlined above, will affirm the decision of the Commissioner.

### A. Shuler's reliance on *Doak* is misplaced.

Shuler argues that *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986), requires remand because the "ALJ erred in deciding this case without having any medical opinion evidence upon which to rely." Pl. Br., doc. 17 at 10. Shuler argues that, because the ALJ found the opinion of a state agency medical consultant unpersuasive, the resulting RFC determination was invalid because he had rejected the only medical opinion related to physical impairments. *Id.* Plaintiff is mistaken.

As courts in this district and throughout the Third Circuit have recognized, Shuler's "reliance on *Doak* and the other cases cited in [her] brief for the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided." *Cummings v. Colvin*, 129 F. Supp. 3d 209, 214-15 (W.D. Pa. 2015). "There is no legal requirement

that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006). Indeed, "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." *Cummings*, 129 F.Supp. 3d at 215. And the current state of the law "does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary." *Id.*, quoting *Doty v. Colvin*, No. 13-80-J, 2014 U.S. Dist. LEXIS 21, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014).

Additionally, even if Shuler's reading of *Doak* was correct, subsequent amendments to the Social Security regulations have made clear that "the ALJ is not prohibited from making an RFC determination even if no medical opinion has specifically made the same findings." *Crossley v. Kijakazi*, No. 3:20-CV-02298, 2021 U.S. Dist. LEXIS 248458, at *38-39 (M.D. Pa. Dec. 31, 2021); *see also Vargas v. Berryhill*, No. 3:16-cv-02003, 2018 U.S. Dist. LEXIS 69551, at *19 (M.D. Pa. Mar. 13, 2018) (rejecting similar reliance on *Doak*); *Hockenberry v. Colvin*, No. 4:15-cv-00793, 2016 U.S. Dist. LEXIS 173512, at *38-39 (M.D. Pa. Sep. 12, 2016) (explaining that 20 C.F.R. §404.1527(e)(2)(i) abrogated *Doak* and other

cases to the extent they held that the ALJ was bound by any uncontradicted medical opinions, and provides that ALJs are "not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists.").[2]

Shuler argues only that, once the ALJ rejected the only medical opinion in the record with respect to her physical limitations, any RFC determination the ALJ made was invalid. That argument fails. But the Court has gone further and reviewed the ALJ's explanation for why he rejected the opinion evidence and why he made the findings he did at the RFC stage, and still finds no error. The ALJ's decision was supported by substantial evidence.

> B. The ALJ's RFC determination as to psychological limitations was also supported by substantial evidence.

Shuler next argues that, though the ALJ found the state agency reviewing psychologists' opinions persuasive, he erred when he did not include all of the limitations from their opinions in the RFC. Doc. 17 at

---

[2] Oddly, the Defendant's brief never addresses *Doak* or Shuler's reliance on it. The Defendant does argue that the ALJ's RFC determination was supported by substantial evidence, and is thus spared a finding of waiver, but the lack of any legal argument regarding a reading of case law repeatedly rejected in this district and beyond is surprising.

12-14. However, contrary to Shuler's argument, simply finding an opinion persuasive does not mean that the ALJ must accept the persuasive medical opinion wholesale. *See Wilkinson v. Commissioner of Social Security*, 558 Fed. App'x 254, 256 (3d Cir. 2014) (finding "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gave the source's opinion as a whole 'significant' weight."); *see also Binner v. Kizakazi*, No. 3:22-CV-00122, 2023 U.S. Dist. LEXIS 1401, at *34 (M.D. Pa. Jan. 4, 2023).

Shuler argues that the RFC's limitations are inconsistent with the persuasive opinions that:

> Plaintiff had moderate limitations in concentrating, persisting, and maintaining pace as well as in the abilities to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

Doc. 17 at 14. And Shuler argues that the ALJ "did nothing to explain" why he adopted limitations that differed from the psychologists' opinions. Not so.

Page 13 of 16

The ALJ thoroughly reviewed the evidence in the record, including Shuler's own testimony, and found substantial evidence that conflicted with Shuler's claims. For example:

Specifically, the claimant's medical records indicate during November 2022, the clamant was assessed with a clinical examination finding of a normal mood (Exhibit 5F). During April 2023, the claimant was assessed with clinical examination findings of normal attention, a normal mood, a normal affect, normal speech, normal behavior, a normal thought content, a normal memory, and normal judgement (Exhibit 5F). During June 2023, the claimant denied engaging in self-harm behavior (Exhibit 8F). During July 2023 the claimant was assessed with clinical examination findings of a normal mood and normal behavior (Exhibit 10F).

Additionally, the claimant's medical records indicate that during October 2023, the claimant was assessed with clinical examination findings of a normal mood, a normal affect, and normal behavior (Exhibit 10F). During November 2023, the claimant was noted to exhibit no apparent anxiety or depression (Exhibit 11F). During February 2024, the claimant was assessed with clinical examination findings of normal attention, normal motor activity, a normal thought process, appropriate eye contact, a cooperative manner, good insight, good judgment, a normal thought content, an intact short-term memory, an intact long-term memory, and an intact immediate memory (Exhibit 15F).

Furthermore, the claimant's medical records indicate during April 2024, the claimant denied experiencing any agitation or confusion (Exhibit 12F). During September 2024, the claimant reported she does not feel depressed or anxious (Exhibit 15F). During October 2024, the claimant was assessed with clinical examination findings of normal attention, normal motor activity, a normal thought process,

Page 14 of 16

appropriate eye contact, a cooperative manner, good insight, good judgment, a normal mood, a normal affect, normal speech, a normal thought content, a normal memory, and normal judgment (Exhibit 15F).

Doc. 12-2 at 27.

Thus, the ALJ concluded that Shuler's "allegations regarding her symptoms and limitations are not consistent with all of the evidence of record." The ALJ did, however, recognize the impairments that were supported by record evidence in crafting the RFC:

> Additionally, to accommodate some degree of the claimant's symptoms related to her mental impairments, the undersigned has limited the claimant to jobs that entail understanding, remembering, or carrying out simple instructions, occasional changes in a routine work setting, performing tasks within a schedule and at a consistent pace, making judgments on simple, work-related decisions, and occasionally interacting with the public, coworkers, and supervisors in a routine work setting.

*Id.* at 30.

The Court notes that "[t]he ALJ — not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." *Binner*, 2023 U.S. Dist. LEXIS 1401, at \*35-36, quoting *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Moreover, the ALJ's evidentiary evaluation was

Page 15 of 16

supported by substantial evidence; that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154. To the extent that Shuler asks the Court to reweigh the evidence and arrive at a different conclusion, courts "are not permitted to re-weigh the evidence or impose their own those factual determinations" in reviewing disability appeals. *Chandler*, 667 F.3d at 359.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: July 8, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge